

Ricardo J. Prieto, Partner
rprieto@wageandhourfirm.com
Melinda Arbuckle, Partner
marbuckle@wageandhourfirm.com

March 19, 2025

Honorable Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas St., Courtroom 621
White Plains, NY 10601-4150
VIA:    E-filing

Re:    *Fritts v. Loudon Opco LLC*, Case No. 7:24-cv-06951-CS

TO THE HONORABLE JUDGE OF THIS COURT:

Following an extensive investigation, informal discovery, and arm's length negotiations between experienced attorneys, Plaintiff Jenny Fritts ("Fritts" or "Plaintiff") and Defendant Loudon Opco LLC ("Loudon" or "Defendant") have agreed, subject to Court approval, to resolve this lawsuit. The parties jointly and respectfully submit that the settlement satisfies the criteria for settlement of a bona fide dispute under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (the "FLSA"). The settlement is fair, reasonable, and adequate, and both parties are in agreement that the case should be resolved.

This settlement resolves Plaintiff's individual claims, the claims of any putative collective action member are unaffected. The gross settlement amount is $7,500.00 inclusive of attorneys' fees and costs, and the parties now seek the Court's formal approval of the settlement agreement attached hereto as Ex. A.

**Factual Background**

Plaintiff filed this lawsuit on September 13, 2024, seeking damages under the FLSA for Defendant's alleged failure to compensate her for meal periods during which she was not fully relieved of her duties. ECF No. 1.

wageandhourfirm.com

4241 Jutland Dr., Ste. 200    5050 Quorum Dr., Ste. 700    3600 Lime St., Ste. 111
San Diego, CA 92117    Dallas, TX 75254    Riverside, CA 92501
    (214) 489-7653
    (469) 319-0317 – fax

**Summary of the Settlement Terms**

The settlement agreement settles Plaintiff's claims against Defendant for the total amount of $7,500.00, of which 40% is attributable to attorney's fees ($3,000.00), costs ($1,043.50, *see* Ex. B), and the remainder will be paid to Plaintiff ($3,456.50). The parties request approval of these sums.

**The Parties' Settlement Is Fair and Reasonable and Should Be Approved**

Settlement is an important part of the judicial process that courts favor. *See, e.g.*, *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (courts strongly favor settlement). The settlement of FLSA claims is similarly favored but requires approval. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (stipulated dismissals of FLSA claims require DOL or Court approval to be valid).

If a proposed settlement reflects a reasonable compromise over contested issues, FLSA settlements should be resolved. *See Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1354 (11th Cir. 1982). Courts consider the following factors when approving FLSA settlements:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Camacho v. Ess-a-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *2 (S.D.N.Y. Dec. 11, 2014) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). These factors weigh in favor of approving the parties' settlement.

### Possible Range of Recovery

Plaintiff calculated Defendant's maximum exposure at approximately $15,332.23 in backpay (not liquidated damages). The parties believe this settlement is a fair resolution of the lawsuit, given the bona fide disputes about the value and credibility of Plaintiff's claims, as set forth below. Defendant maintains that any potential recovery would be far lower.

### Primary Factual Dispute and Risks

Plaintiff claimed that Defendant's timekeeping software would not permit her to properly declare whether she received a fully relieved lunch break while working for Defendant as a licensed

practical nurse ("LPN"). Defendant disputed Plaintiff's claim and stated that documents exist depicting Plaintiff claiming interruptions for many meal breaks each week, for which Plaintiff received compensation. This dispute could lead to a significant reduction in Plaintiff's claims for damages and estimated exposure, which was based on a claim for all meal breaks in each week.

Plaintiff believes that the present value of the settlement amount outweighs the value of potentially receiving an award of an undetermined amount months or years from now, after trial or a potential appeal. In other words, the risks of continuing with litigation weigh in favor of approving a compromised amount now.

### No Evidence of Fraud or Collusion

Finally, the settlement is not the product of fraud or collusion, as demonstrated by the contested issues discussed above. *See Meigel v. Flowers of the World, NYC, Inc.*, No. 11-cv-465 (KBF), 2012 WL 70324, at *1 (S.D.N.Y. Jan. 9, 2012) (courts view the adversarial nature of an FLSA case as evidence that a settlement is not the result of fraud or collusion).

As discussed, contested issues regarding whether Plaintiff was obstructed from reporting interrupted meal breaks evidence the adversarial nature of this action. This settlement was the result of arm's length negotiations that benefit both parties, particularly given they will no longer need to litigate this action.

**Plaintiff's Counsel's Request for Attorneys' Fees and Costs Is Reasonable.**

The retainer agreement between Plaintiff and her counsel provides for the payment of 40% of any recovery in addition to reimbursement of costs—this fee agreement is reasonable and should be approved. *See In re Lawrence*, 24 N.Y.3d 320, 339 (2014) ("Absent incompetence, deception or overreaching, contingent fee agreements that are not void at the time of inception should be enforced as written.")

Cheeks does not require a court to review the fee agreement before approving an FLSA settlement agreement:

> I do not address the fee arrangement between plaintiff and his counsel because I do not believe I am required to do so under *Cheeks* …. As described in *Cheeks*, the purpose of the FLSA is to regulate the relationship between an employee and his employer and to protect the employee from overreaching by the employer. I do not understand the FLSA to regulate the relationship between the employee as plaintiff and his counsel or to alter the freedom of contract between a client and his attorney.

*Villalva-Zeferino v. Park*, No. 15-CV-6932 (HBP), 2016 WL 740387, at *2 n.2 (S.D.N.Y. Feb. 17, 2016).

Plaintiff's counsel's lodestar far exceeds the $3,000.00 payable under the settlement. Plaintiff's counsel worked approximately 38 hours on this case at a billable rate of $400.00/hour, totaling approximately $15,495.00. *See* Ex. C. I have been a lawyer practicing in the state of Texas for 13 years and in California for ten years. My billable rate of $400/hour has been approved in Galveston, Texas. *See Gentry v. Hamilton-Ryker IT Sols., LLC*, No. 3:10-cv-00320, 2023 WL 5018432, at *4 (S.D. Tex. Aug. 7, 2023). My partner, Ricardo Prieto, has been practicing in the state of Texas for 17 years and is board certified in employment law in the state of Texas. His hourly rate has been approved at $450/hour. *Id.*

Accordingly, this discounted fee is presumptively reasonable, given Plaintiff's counsel's documented billing records. *See Aquino v. Fort Washington Auto Body Corp.*, No. 16 Civ. 390 (HBP), 2017 WL 1194734, at *3 (S.D.N.Y. Mar. 31, 2017) (collecting cases demonstrating that a court may approve attorneys' fees over standard 1/3 contingency rate in the event Plaintiff's counsel submits documentation of effort in the lawsuit).

**Conclusion**

For all of the above reasons, the parties maintain that the proposed settlement is fair and reasonable, and request Court approval of the settlement and entry of an order dismissing the case.

Sincerely,

/s/ Melinda Arbuckle

Melinda Arbuckle

cc:   Joshua Sam Beldner, Stuart Weinberger, counsel for Defendant, via E-filing